# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>             Plaintiff,<br><br>     v.<br><br>CALIFORNIA CORRECTIONAL<br>INSTITUTION SECOND WATCH,<br><br>             Defendants.<br>_____/ | CASE NO. 1:06-CV-0959-OWW-LJO-P<br><br>ORDER DISMISSING ACTION AS<br>FRIVOLOUS AND MALICIOUS<br><br>(Doc. 1)<br><br>ORDER THAT DISMISSAL COUNTS AS A<br>STRIKE UNDER 28 U.S.C. § 1915(G) |

Plaintiff Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 24, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff alleges in his complaint that the Defendants are in a conspiracy with inmates in -4-A and 4-B to threaten, harass and call him names. Plaintiff also alleges that defendants have him on

---

[1] Given plaintiff's pattern of conduct, as set forth in this order, the Court is of the opinion that it is more expeditious to screen and dismiss this action rather than expend its overtaxed resources attempting to obtain the filing fee from plaintiff prior to screening. Such a course of action would likely ultimately result in dismissal for failure to pay the filing fee after the issuance of multiple orders, rather than the actual obtainment of the filing fee from plaintiff.

1

a "mind device machine" so they know what plaintiff is writing, reading, and thinking.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984), and the Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, Neitzke, 490 U.S. at 327.  The test for maliciousness is a subjective one and requires the Court to "determine the ... good faith of the applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith most commonly is found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by re-litigating claims decided in prior cases.  Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981);  Ballentine v. Crawford, 563 F.Supp. 627, 628-29 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of the judicial process").

Although this case was filed in July of 2006, as of September 25, 2006, Plaintiff has filed one-hundred twenty-four actions in this district, forty-four of which were filed in September of 2006 alone.  Not one of the complaints was accompanied by the filing fee, and twelve of the fourteen cases are virtually identical, with minor exceptions such as switching back and forth between suing the First and Second Watches.[2]  Further, in some complaints Plaintiff omits his allegations that he is on a mind reading device and/or that he is being spoken to through the vents.  However, all twelve involve Plaintiff's claim that he is being harassed, watched, etc. by defendants. Although the Court

---

[2] The Court takes judicial notice of case numbers 1:06-CV-01197-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01198-AWI-SMS-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01199-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01200-AWI-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01201-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01202-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01203-OWW-LJO-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01204-OWW-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01205-AWI-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01206-AWI-SMS-P Weaver v. California Correctional Institution Third Watch 4-4A-4; 1:06-CV-01207-OWW-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-01208-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-01209-AWI-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; and 1:06-CV-01210-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4.

1  is mindful that mental illness may play a part in Plaintiff's allegations, Plaintiff is capable of
2  correctly filling out complaint forms and responding to court orders.[3]  Plaintiff is creating a
3  tremendous burden on this Court's scare resources by filing multiple, duplicative actions, and is
4  depriving other litigants of the Court's much needed time and attention in their pending cases.  A
5  review of the Ninth Circuit's dockets reveals that plaintiff has been actively filing appeals as well,
6  with thirty-three appeals filed, twenty-six of which were filed in 2006.

7       "[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial
8  process . . . . will not be tolerated."  Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D.
9  In. 1984).  Plaintiff's allegation that Defendants have him on a mind reading device is frivolous.
10  Further, a review of the cases filed by Plaintiff and the filings dates amply demonstrates a pattern
11  of vexatiousness.  The Court finds that the filing of this action was in bad faith and malicious given
12  that Plaintiff filed multiple complaints, any of which were filed on the same day and most which
13  raise similar allegations.

14       This action is HEREBY DISMISSED as frivolous and malicious.  This dismissal SHALL
15  BE COUNTED as a strike under 28 U.S.C. § 1915(g).
16  IT IS SO ORDERED.

17  **Dated:   October 24, 2006**          **/s/ Oliver W. Wanger**
    emm0d6                                      UNITED STATES DISTRICT JUDGE

---

[3] The Court takes judicial notice of the dockets in case numbers 1:06-CV-00278-OWW-LJO-P <u>Weaver v. Tehachapi Mail Room</u> and 1:06-CV-00468-OWW-SMS-P <u>Weaver v. California Correctional Institution Confinement SHU</u>, demonstrating plaintiff's ability to respond to court orders and his ability to keep track of his multitude of cases.